IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03480-BNB

JOSEPH C. IPPOLITO,

      Plaintiff,

v.

JUSTICE SERVICE DIVISION, Court/Pretrial Services Agency,
KURT PIERPONT, Court Services Agency Manager, in his official and individual
      capacities,
LESLIE HOLMES, Court Services Agency Supervisor, in her official and individual
      capacities,
MELINDA ROSE, Court Services Agency/Pretrial Case Manager, in her official and
      individual capacities,
INTERVENTION COMMUNITY CORRECTION SERVICES, (ICCS Facility),
CHRISTOPHER NANDREA, ICCS Out Client SVCS Manager, in his official and
      individual capacities,
ASHLEA NEAL, ICCS Out Client SVCS, Manager, in her official and individual
      capacities,
SHAWANA M. GREEN, ICCS Out Client SVCS Supervisor, in her official and individual
      capacities,
NORCHEM DRUG TESTING LABORATORIES,
A. FISCHINGER, SC. Dir., Ph.D: Norchem Labs, in his official and individual capacities,
      and
JOHN & JANE DOES, et. al X-XL 1-100,

      Defendants.

_____

ORDER OF DISMISSAL

_____

      Plaintiff, Joseph C. Ippolito, is detained in the Jefferson County Detention Facility

in Golden, Colorado.  He initiated this action by filing a Prisoner Complaint pursuant to

28 U.S.C. § 1343 and 42 U.S.C. § 1983.

      Mr. Ippolito has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Ippolito is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the following reasons,

this action will be dismissed as legally frivolous.

Mr. Ippolito alleges in the Complaint that on March 28, 2012, while on pretrial

release in his state criminal case, he met with his case manager, Melinda Rose, who

referred Plaintiff to the Intervention Community Corrections Services ("ICCS") facility for

monitored sobriety testing.  Between April 11, 2012 and June 8, 2012, Mr. Ippolito

attended approximately 30 sobriety testing events (breathalyzers and urine testing),

which were conducted by Defendants Green, Nandrea, and Neal, as well as some of

the John and Jane Doe Defendants.  Plaintiff asserts that Defendants Green, Nandrea,

and Neal disclosed the drug test results, as well as his personal information, to

Norchem Drug Testing Laboratories, Justices Service Division/Pre-Trial Services, and

agents of both entities, for review by Defendants Pierpont, Holmes, and Rose.

Defendant Rose thereafter recommended to the state criminal court that a warrant be

issued for Plaintiff's arrest based on his non-compliance with bond conditions.  Mr.

Ippolito alleges that the recommendation was authorized and approved by Defendant

2

Rose's supervisors, Defendants Pierpont and Holmes.  The state court thereafter issued

a warrant for Mr. Ippolito's arrest.  Plaintiff was arrested on June 8, 2012, and his bond

was revoked.  On June 14, 2012, Plaintiff posted bond and was released again pending

trial.  The state court ordered Mr. Ippolito to submit to alcohol testing as a condition of

his bond.  On August 20, 2012, Plaintiff was arrested for violation of the terms of his

bond based on Defendant Rose's recommendation.  He remains in custody at this time.

Mr. Ippolito asserts that Defendants Rose, Holmes, and Pierpont violated his

constitutional rights to due process and privacy because he was not provided with the

appropriate disclosure and consent forms for the release of his personal information

during the pretrial services intake procedure.  Plaintiff further asserts that Defendant

Rose made false statements in her recommendation to the state court that he be

arrested and bail revoked.

Plaintiff further claims that the ICCS facility Defendants, Green, Nandrea, and

Neal, also failed to provide him with the proper disclosure and consent forms before

conducting sobriety testing and that Defendants Norchem Drug Testing Laboratories

and Dr. Fischinger failed to comply with state and federal law requirements for the

disclosure of personal information.  Plaintiff also contends that the Defendants' failure to

provide him with the disclosure and consent forms required by state and federal law

constitutes a deprivation of his Fourteenth Amendment equal protection rights.  Mr.

Ippolito requests monetary relief.

Mr. Ippolito's claim for damages for Defendants' conduct that resulted in the

revocation of his bond and his reincarceration on criminal charges pending trial is

barred by *Heck v. Humphrey*, 512 U.S.  477 (1994).  *In Heck,* the Supreme Court held

that no cause of action exists under 42 U.S.C. § 1983 for actions that, if proven, would "necessarily imply" the invalidity of an underlying conviction or sentence unless that conviction or sentence is first properly invalidated either on appeal or through habeas corpus proceedings. *Heck*, 512 U.S. at 487.   The Supreme Court stated: "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." *Id*. at 486.

The rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir.1996) (applying Heck to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).   Because Plaintiff "would need to prove that his detention [is] unlawful in order to receive an award of damages for that detention," this action is barred by *Heck*.  *Cohen v. Clemens*, No. 08-1394, 321 F. App'x 739, 742 (10th Cir. April 7, 2009) (unpublished).   *See also Jackson v. Thomas*, No. H-08-1990, 2009 WL 1748866, at *2 (S.D. Tex. 2009) (unpublished) (plaintiff's claim that defendants lacked probable cause to revoke his bond based on results of urine testing imposed as a condition of bond was barred by *Heck*).   The *Heck* dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Even if the rule of *Heck* does not operate to preclude this action in its entirety, Plaintiff nonetheless may not prevail against the Defendants under § 1983 for the

4

following reasons.

Under Colorado law, the state court may impose, as a condition of bond, supervision by a qualified person or organization or supervision by a pretrial services program established pursuant to section COLO. REV. STAT. ("C.R.S.") § 16-4-106. *See* § 16-4-105(8), C.R.S.  While under the supervision of a pretrial services program, the court may require the defendant to submit to periodic alcohol or drug testing.  *Id.* at § 16-4-105(8)(e), C.R.S.  The pretrial services program "may provide information that enables the court to make an appropriate decision on bond and conditions of release, and may recommend conditions of release consistent with this section." § 16-4-106(1), C.R.S.

Mr. Ippolito cannot maintain his claims for damages against Defendants Rose, Holmes, and Pierpont because those Defendants are entitled to absolute immunity from suit.  A pre-trial services case manager is entitled to absolute prosecutorial immunity for her conduct in presenting a lab report to the state district court, with a recommendation that the defendant's bail bond be revoked.  *See Carey v. Okubo*, No. 04-1516, 158 F. App'x 962, 968 (10th Cir. Dec. 14, 2005) (unpublished).  Alternatively, the pre-trial services case manager is entitled to quasi-judicial immunity.  *See Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007) (holding that a probation officer is entitled to quasi-judicial immunity when engaged in duties to ensure that a probationer is complying with the conditions of probation).  As such, Defendants Rose and her supervisors, Pierpont and Holmes, are not liable under 42 U.S.C. § 1983 based on Rose's recommendation to the state criminal court that Plaintiff's bond be revoked because he violated the conditions of his release.

The Court next addresses Mr. Ippolito's allegations that the ICCS Defendants and the Norchem Drug Testing Laboratory Defendants failed to comply with unspecified state and federal disclosure and consent statutes, which resulted in a violation of Plaintiff's constitutional right to privacy.  Plaintiff does not challenge the condition of his bond that he consent to alcohol testing.  Instead, he objects only to the Defendants' disclosure of personal information in conjunction with that testing.

The constitutional right to privacy protects an individual's interest in avoiding disclosure of personal matters.  *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977) (footnotes omitted).  Relying on *Whalen*, the Court of Appeals for the Tenth Circuit held in *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir.1986), that "[d]ue process thus implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state."  The scope of personal matters protected by a right to privacy has never been fully defined.  The Supreme Court has extended the right to privacy to "activities relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Douglas v. Dobbs*, 419 F.3d 1097, 1101-02 (10th Cir. 2005) (citing *Roe v. Wade*, 410 U.S. 113, 152-153, (1973) (quotations and citations omitted)); *see also, Paul v. Davis*, 424 U.S. 693, 713 (1976).   The Tenth Circuit has held that "there is a constitutional right to privacy that protects an individual from the disclosure of information concerning a person's health." *Douglas*, 419 F.3d at 1102 (quoting *Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000).  The Tenth Circuit has also applied the right to privacy in the contexts of an employer's search of an employee's medical records, *see Lankford v. City of Hobart*, 27 F.3d 477, 479 (10th Cir.1994), a government official's disclosure of a person's HIV status, *see A.L.A. v. West Valley City*, 26 F.3d 989

6

(10th Cir.1994), and a government official's disclosure of a person's prescription records.  *See Douglas*, 419 F.3d at 1102.   On the other hand, disclosure of criminal activity is not afforded constitutional protection.  *See Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995).

Information is protected by the right to privacy when a person has "a legitimate expectation . . . that it will remain confidential while in the state's possession." *Id.  See also Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006).   The Court finds that Mr. Ippolito had no legitimate expectation that his personal information obtained in connection with the collection and testing of breathalyzer and urine samples would not be disclosed to the Defendants, or to the state court.  The Defendants' actions were necessary to ensure Plaintiff's compliance with a condition of his bond, the imposition of which is authorized by Colorado statute.  Mr. Ippolito does not allege that the results of the alcohol tests, or his personal information, were reported to anyone other than the named Defendants and the state court.

Further, Mr. Ippolito's consent to, and participation in, the pretrial release program diminished his expectation of privacy.  As reasoned by the Sixth Circuit:

> A major aim of the Pretrial Release Program is to insure that its participants will appear at trial. To achieve that objective, the [p]rogram subjects them to various conditions and limitations, including the prohibition on using narcotic drugs and consuming alcoholic beverages. . . . . . [Plaintiff's] participation in the highly government controlled and regulated Pretrial Release Program reduced his expectation of privacy.

*Norris v. Premier Integrity Solutions, Inc.*, 641 F.3d 695, 699 (6th Cir. 2011) (finding no Fourth Amendment violation resulted from "direct observation" method of drug testing required as a condition of pretrial release).

7

The Court finds that Mr. Ippolito fails to state an arguable claim for violation of his constitutional privacy rights.  Accordingly, the claims based on a violation of his constitutional right to privacy will be dismissed as legally frivolous.

Mr. Ippolito's equal protection claim also fails.  To state an arguable equal protection violation, Plaintiff must allege specific facts to show that he was treated differently than similarly situated persons.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod*, 94 F.3d 1399, 1406 (10th Cir. 1996).  In the Complaint, Plaintiff merely makes a conclusory allegation that Defendants treated him "differently" than others, without further explanation or clarification.  This is insufficient.  Accordingly, the equal protection claim will be dismissed as legally frivolous.  *See Coppinger v. Zavaras*, No. 11-1107, 429 F. App'x 755 (10th Cir. July 11, 2011) (unpublished) (affirming district court's dismissal of equal protection claim as legally frivolous where the plaintiff's allegations of an equal protection violation were conclusory).  Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are DISMISSED WITHOUT PREJUDICE pursuant to the rule of *Heck v. Humphrey*, 520 U.S. 641 (1997), to the extent that Mr. Ippolito seeks damages based on the revocation of his bond and his reincarceration on criminal charges pending trial.  In the alternative, this action is DISMISSED WITH PREJUDICE as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438

8

(1962).  If Mr. Ippolito files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circui

within thirty days in accordance with Fed. R. App. P. 24.  It is

      FURTHER ORDERED that all pending motions are DENIED as moot.

      DATED at Denver, Colorado, this __4th__ day of __February_____, 2014.

                  BY THE COURT:


                  ___s/Lewis T. Babcock_____
                  LEWIS T. BABCOCK, Senior Judge
                  United States District Court