IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03480-LTB

JOSEPH C. IPPOLITO,

     Plaintiff,

v.

JUSTICE SERVICE DIVISION, Court/Pretrial Services Agency,
KURT PIERPONT, Court Services Agency Manager, in his official and individual
     capacities,
LESLIE HOLMES, Court Services Agency Supervisor, in her official and individual
     capacities,
MELINDA ROSE, Court Services Agency/Pretrial Case Manager, in her official and
     individual capacities,
INTERVENTION COMMUNITY CORRECTION SERVICES, (ICCS Facility),
CHRISTOPHER NANDREA, ICCS Out Client SVCS Manager, in his official and
     individual capacities,
ASHLEA NEAL, ICCS Out Client SVCS, Manager, in her official and individual
     capacities,
SHAWANA M. GREEN, ICCS Out Client SVCS Supervisor, in her official and individual
     capacities,
NORCHEM DRUG TESTING LABORATORIES,
A. FISCHINGER, SC. Dir., Ph.D: Norchem Labs, in his official and individual capacities,
     and
JOHN & JANE DOES, et. al X-XL 1-100,

     Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

     Plaintiff, Joseph C. Ippolito, has filed *pro se* a "Motion Requesting Permission for

Leave to Directly or Collaterally Attack 'Judgment of Dismissal with Prejudice Entered'

on Appeal." (ECF No. 24).  The Court must construe the document liberally because Mr.

Ippolito is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons

discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Mr. Ippolito's motion to reconsider was docketed on March 3, 2014, 32 days after a Final Judgment was entered dismissing this action on February 4, 2014. The motion to reconsider does not include a certificate of mailing indicating when Plaintiff placed the motion in the inmate legal mail system at the Jefferson County Detention Facility. Accordingly, Mr. Ippolito cannot avail himself of the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (under prisoner mailbox rule, documents are deemed filed when inmate gives them to prison officials for mailing). Because the motion was filed more than twenty-eight days after judgment entered, it will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

The Court first addresses the issue of jurisdiction. Mr. Ippolito filed a Notice of Appeal (ECF No. 25) of the Court's February 4, 2014 order of dismissal and judgment, which was docketed in this Court on March 3, 2014. Thus, the Notice of Appeal was

2

filed on the same day that Mr. Ippolito filed his motion for reconsideration.

Generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007). However, a district court may deny a motion under Fed.R.Civ.P. 59(e) or 60(b) on the merits even after the filing of a notice of appeal. *Warren*, 507 F.3d 1239, 1244-45 (10th Cir. 2007) (citing to Fed. R. App. P. 4(a)(4)(A) (stating that "[i]f a party timely files in the district court a [Rule 59(e) motion], the time to file an appeal runs for all parties from the entry of the order disposing of the [motion]."); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 n. 1 (10th Cir. 2001) (Rule 60(b) motion). The Court therefore addresses the substantive argument raised in Applicant's motion.

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

In his motion for reconsideration, Mr. Ippolito contends that the Court dismissed this action without the benefit of all relevant factual allegations. He asserts that he was constrained by the Court's 30-page limit for prisoner pleadings, which is contained in the Court's Information and Instructions for Filing a Prisoner Complaint. However, *pro se* parties are required to follow the court's procedural rules. *See Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing cases); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.

3

1992).  Furthermore, Mr. Ippolito does not provide the Court with the additional facts that he feels were necessary for the Court to adjudicate his claims.

The remainder of Mr. Ippolito's arguments take issue with the Court's disposition of his claims, but do not demonstrate any exceptional circumstances that would justify relief under Fed. R. Civ. P. 60(b).  Revisiting issues that have already been addressed "is not the purpose of a motion to reconsider."  *Van Skiver*, 952 F.2d at 1243.

After review of the motion and the entire file, the Court finds that Mr. Ippolito has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Accordingly, it is

ORDERED that the "Motion Requesting Permission for Leave to Directly or Collaterally Attack 'Judgment of Dismissal with Prejudice Entered' on Appeal" (ECF No. 24), filed *pro se* by Plaintiff Joseph C. Ippolito on March 3, 2014, which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

DATED at Denver, Colorado, this __6th__ day of ___March___, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court